

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-13-00128-CR

_____

DAVID WAYNE KERR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181ST District Court
Randall County, Texas
Trial Court No. 21,768-B; Honorable John B. Board, Presiding

November 13, 2013

ORDER DENYING MOTION TO ABATE
AND SEVERING APPEAL

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

On January 19, 2012, pursuant to a single, multi-count indictment in Cause No. 21,768-B, the trial court entered two separate orders placing Appellant, David Wayne Kerr, on eight years deferred adjudication community supervision for the offense of aggravated sexual assault.[1]  On January 16, 2013, the State filed a single motion

_____

[1]TEX. PENAL CODE ANN. § 22.021 (West Supp. 2013).

seeking revocation of both orders. Following a plea as to each allegation in the State's motion, the Court found Appellant had violated the terms and conditions of his community supervision and, without specifying as to which count, globally sentenced him to 75 years confinement in the Texas Department of Criminal Justice. The trial court then entered two separate judgments – one as to Count I and one as to Count II, both assessing a sentence of 75 years. Appellant filed a single notice of appeal indicating he wished to appeal "the judgment of conviction and sentence" in Cause No. 21,768-B.

Appellant has now filed a brief contending he is uncertain as to which count the trial court pronounced sentence. In response, the State has filed a motion to abate and remand, contending the trial court's failure to specifically pronounce sentence as to each count can be corrected by remanding the cause to the trial court so it may properly impose sentence pursuant to Rule 44.4 of the Texas Rules of Appellate Procedure. Because we believe the error, if any, of the trial court does not prevent the proper presentation of the case to this Court, we deny that motion. In light of our denial of the State's motion to abate and remand, we *sua sponte* extend the deadline for the filing of the State's brief until December 13, 2013.

Because this appeal involves two separate judgments, for purposes of clarity, we *sua sponte* sever this appeal into separate cause numbers, one as to each judgment. Henceforth, the appeal of the judgment entered as to Count I will bear appellate Cause No. 07-13-00128-CR, whereas the appeal of the judgment entered as to Count II will bear appellate Cause No. 07-13-00380-CR.

It is so ordered.

Per Curiam

Do not publish.